UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

IN RE:

SMITH MINING & MATERIALS, LLC            CASE NO. 06-30260
                                                                      CHAPTER 11
DEBTOR

_____

J. BRUCE MILLER, Chapter 11 Trustee            PLAINTIFF
for SMITH MINING & MATERIALS, LLC

v.                                                                   Adv. Proc. No. _____

A&M OIL COMPANY, INC.                          DEFENDANT

    Serve:    Mark Stout
                   1560 North Main Street
                   Mt. Washington, KY 40047

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS**

J. Bruce Miller in his capacity as Chapter 11 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Smith Mining & Materials, LLC ("Debtor"), by counsel, for his Complaint on behalf of the bankruptcy estate of the Debtor (the "Estate"), pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), to Avoid and Recover Preferential Transfers received by the defendant, A&M Oil Company, Inc. ("Defendant"), respectfully states as follows:

1

## RELEVANT BACKGROUND

1. On February 9, 2006 (the "Petition Date"), Debtor Smith Mining & Materials, LLC ("Debtor") filed with this Court a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2. The Debtor was operating its businesses as debtor and debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code until the appointment of the Trustee on April 24, 2006, at which time the Debtor was removed from possession.

3. The Trustee was appointed pursuant to the Order Granting Agreed Order Regarding Trustee Appointments [Doc. No. 140] and the Trustee has continued as Chapter 11 Trustee to carry out those duties prescribed by 11 U.S.C. §1106.

4. Pursuant to the Debtor's confirmed Amended Joint Plan of Liquidation [Doc. No. 632] and the Confirmation Order [Doc. No. 640], all of the Debtor's rights, duties and obligations to investigate, prosecute and collect all of the Debtor's causes of action and pursue avoidance actions, including, without limitation, the cause of action set forth herein have vested in the Trustee.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (F).

7. Venue of this adversary proceeding in this Court is proper under 28 U.S.C. Section 1409(a), as this proceeding arises in and relates to the Debtor's Chapter 11 case pending in this District.

# COUNT ONE

## AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
## UNDER 11 U.S.C. §§547 AND 550

8. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 7 of the Complaint as if fully set forth herein.

9. Defendant and/or its subsidiary, affiliate or principal received from the Debtors certain transfers of interests of the Debtor in property totaling $96,550.71, as more particularly described on **Exhibit A** attached hereto and incorporated by this reference as if fully set forth herein (the "Federal Transfers").

10. The Federal Transfers were made by the Debtor to or for the benefit of Defendant.

11. The Federal Transfers were made by the Debtor to Defendant for or on account of an antecedent debt owed by the Debtor to Defendant before such Federal Transfers were made.

12. The Federal Transfers were made by the Debtor while the Debtor was insolvent.

13. The Federal Transfers were made by the Debtor to Defendant on or within the ninety (90) day period immediately preceding the Petition Date (i.e., the period from November 11, 2005 through February 8, 2006) (the "Preference Period").

14. The Federal Transfers enabled Defendant to receive more than Defendant would have received if (i) the Debtor's bankruptcy was a case under Chapter 7 of the Bankruptcy Code; (ii) the Federal Transfers had not been made; and (iii) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

15. Defendant is the "initial transferee" of the Federal Transfers from the Debtors, as that term is used in Section 550(a) of the Bankruptcy Code.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment (i) avoiding the Federal Transfers pursuant to Section 547(b) of the Bankruptcy Code; (ii) directing

Defendant to return the Federal Transfers or the value of the Federal Transfers to Plaintiff, pursuant to Section 550(a) of the Bankruptcy Code, together with interest on such amount from the date hereof; and (iii) granting to Plaintiff such other and further relief as is just and proper.

## COUNT TWO

### AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS UNDER 11 U.S.C. 544(b) AND K.R.S. 378.060

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 above as though fully set forth herein.

17. Under §544(b) of the Bankruptcy Code the Plaintiff may avoid any transfer of an interest of the Debtor's property, or any obligation incurred by the Debtor, that is avoidable under applicable law by a creditor holding an allowed unsecured claim that is allowable under 11 U.S.C. §502 or not allowable under 11 U.S.C. §502(e), and one or more such creditors exists.

18. In addition to the Federal Transfers, the Debtor conveyed, transferred, assigned or otherwise disposed of property totaling $71,784.25 to or for the benefit of the Defendant between 91 and 180 days prior to the Petition Date (i.e. the period between August 13, 2005 to November 10, 2005), as more particularly set forth in **Exhibit A** attached hereto and incorporated herein by this reference ("State Transfers").

19. The State and Federal Transfers were made by the Debtor in contemplation of insolvency and/or while the Debtor was insolvent.

20. The State and Federal Transfers were made by the Debtor with the design to prefer the Defendant, to the exclusion in whole or in part of other creditors of the Debtor.

21. The State and Federal Transfers are void as to the creditors of the Debtor at the suit of any creditor.

22. The Plaintiff is entitled to judgment against the Defendant and is entitled to avoid

4

the State and Federal Transfers pursuant to §544 of the Bankruptcy Code and K.R.S. §378.060, and to recover the value of the State and Federal Transfers pursuant to 11 U.S.C. §550.

WHEREFORE, Plaintiff hereby requests that this Court enter a judgment in Plaintiff's favor against the Defendant on Count Two as follows: (i) avoiding the State and Federal Transfers pursuant to §544(b) of the Bankruptcy Code and K.R.S. §378.060; (ii) directing Defendant to return the State and Federal Transfers or the value of the State and Federal Transfers to the Plaintiff pursuant to §550(a) of the Bankruptcy Code; and (iii) granting Plaintiff such other and further relief as is just and proper.

## COUNT THREE

## DISALLOWANCE OF CLAIMS

25. Plaintiff repeats and re-alleges the allegations contained in paragraph 1 through 24 above as though fully set forth herein.

26. Pursuant to §502(d) of the Bankruptcy Code, "the Court shall disallow any claim of any entity from which property is recoverable under §§ 542, 543, 550 or 553 of this title…unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under §§ 522(i), 542, 543, 550, or 553 of this title."

27. Any claims of the Defendant asserted against the Debtor's estate should be disallowed until full payment and/or turnover of the amount of Federal and State Transfers are made to the Plaintiff.

WHEREFORE, Plaintiff hereby requests this Court enter judgment in the Plaintiff's favor and against the Defendant on Count Three as follows: (i) pursuant to §502(d) of the Bankruptcy Code disallowing any claims asserted by the Defendant against the Debtor's estate until such time as the Defendant has paid to the Plaintiff all the amounts received as preferential transfers

5

set forth in Counts One and Two herein; and (ii) awarding the Plaintiff such other and further relief as this Bankruptcy Court deems just and proper.

                                              Respectfully submitted,

                                              WISE DELCOTTO PLLC

                                              /s/ Dean A. Langdon, Esq.
                                              Heather G. Pennington, Esq.
                                              Megan McLain, Esq.
                                              200 North Upper Street
                                              Lexington, KY 40507
                                              Telephone:  (859) 231-5800
                                              Facsimile:   (859) 281-1179
                                              E-mail:  mmclain@wisedel.com
                                              SPECIAL COUNSEL FOR TRUSTEE

*Z:\Clients\Brooks Sand - Smith Mining\Preferences\A&M Oil\A&M Complaint.doc*

# **EXHIBIT A**

**A & M Oil Co. Inc.**

| Date Written | Date Cleared | Num | Amount | Subtotal |
|---|---|---|---|---|
| **90 Days** | | | | |
| 11/15/2005 | 11/18/2005 | 10988 | -$10,287.62 | |
| 11/21/2005 | 11/25/2005 | 11035 | -$10,815.34 | |
| 11/28/2005 | 12/02/2005 | 11037 | -$10,414.11 | |
| 12/07/2005 | 12/09/2005 | 11081 | -$10,051.01 | |
| 12/12/2005 | 12/19/2005 | 111030 | -$11,197.60 | |
| 12/19/2005 | 12/23/2005 | 111077 | -$11,348.95 | |
| 12/27/2005 | 12/29/2005 | 111103 | -$10,840.12 | |
| 01/03/2006 | 01/18/2006 | 111127 | -$11,030.13 | |
| 02/08/2006 | 02/14/2006 | 111268 | -$10,565.83 | |
| | | | | -$96,550.71 |
| **180 Days** | | | | |
| 08/19/2005 | 08/24/2005 | 10599 | -$10,117.74 | |
| 08/31/2005 | 09/07/2005 | 10654 | -$7,224.99 | |
| 09/23/2005 | 09/28/2005 | 10745 | -$12,868.29 | |
| 10/07/2005 | 10/12/2005 | 10823 | -$9,699.08 | |
| 10/25/2005 | 10/28/2005 | 102106 | -$10,892.46 | |
| 10/31/2005 | 11/04/2005 | 10919 | -$10,429.91 | |
| 11/07/2005 | 11/10/2005 | 10971 | -$10,551.78 | |
| | | | | -$71,784.25 |
| **Total** | | | -$168,334.96 | |